CITY OF TEXARKANA v. TEXAS & P. RY. CO. et al. (No. 1770.)

(Court of Civil Appeals of Texas. Texarkana. June 29, 1917. Rehearing Denied Oct. 4, 1917.)

1. APPEAL AND ERROR ⚫ 843(2)—REVIEW—QUESTIONS FOR DETERMINATION.

On appeal by a city from a judgment denying relief in a suit to collect taxes on a viaduct on the theory that it was personal property and subject to taxation as such, the appellate court need not, having determined that the viaduct was real property, determine the further question whether it had been so dedicated by defendants to the public as to exempt it from taxation.

2. TAXATION ⚫ 145—ASSESSMENT—"PERSONAL PROPERTY"—"REAL PROPERTY."

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 7504, declaring that real property for the purpose of taxation shall be construed to include land itself and all buildings, structures, improvements, or other fixtures of whatsoever kind thereon, a viaduct constructed by railroad companies over their tracks is real property,

---

⚫ For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and not property subject to taxation as personal property.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Personal Property; Real Property.]

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Action by the City of Texarkana against the Texas & Pacific Railway Company and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Oak street in the city of Texarkana, Tex., crossed, at grade, the tracks of appellees, the Texas & Pacific Railway Company, the St. Louis Southwestern Railway Company of Texas, and the Texarkana & Ft. Smith Railway Company. It was used by people who traveled between the main part of said city, on the north side of said tracks, and the part thereof, and portions of Bowie county, Tex., and Miller county, Ark., on the south side thereof. "On account," it was recited in an ordinance adopted by appellant's city council, "of the dangers encountered by the public in the use of the grade crossing over the different railway tracks on Oak street," and "a demand by said city and the people thereof, that the railway companies owning and operating said tracks should construct and complete a viaduct over said tracks, and that said grade crossing should be abolished and the danger thereof avoided," appellant and appellees, on January 9, 1911, entered into a contract whereby appellees undertook (1) "at their own expense and cost to build, erect and complete and to maintain such parts thereof as are not to be maintained by the city," a viaduct, from a point specified on Broad street, north of their tracks, west to Elm street, and thence on Elm street over said tracks to a point specified south of said tracks, (2) to give a "right of way over their respective properties" for said viaduct, and to "make no claim against the city for damages by reason of the construction and maintenance of said viaduct," and (3) to provide and maintain lights on the viaduct after it was constructed, and whereby appellant undertook (1) that appellees might "enter upon and make use of and appropriate as a right of way and place for the construction and completion of the viaduct and approaches" "all such portions and parts of the public streets and alleys of said city as may be necessary therefor," (2) to furnish without cost to appellees "all of the necessary right of way grounds and places upon which to work on and over any land or property not owned or controlled by said city, nor owned or controlled by either" of appellees "necessary for the occupancy of said viaduct and approaches thereto and in the necessary construction and completion of same," (3) to pay all damages owners of property abutting on the viaduct might be entitled to, (4) "to maintain and keep in good repair the floor of said viaduct, and the approaches to said viaduct, at each end thereof, except the concrete retaining walls, after the erection and completion of said viaduct," and (5) to "abolish and close" Oak and Elm streets where same crossed appellees' tracks. In the contract was a recital as follows:

"It is understood that the viaduct is to be a permanent structure, and the right of way which the city obligates itself to furnish and to procure is to be permanently used therefor."

The undertakings, respectively, of the parties were complied with. The viaduct as constructed by appellees was of steel, except the approaches, which were of concrete, and floors, which were of wood and gravel. It was on Elm street and 22 feet above same, where it crossed appellees' tracks. Oak and Elm streets were "closed and abolished" by an ordinance adopted by appellant's city council after the viaduct was completed, to wit, on November 19, 1912. The viaduct was then "opened for public use," and ever since that time has been devoted exclusively to such use, serving, as Oak street did before it was closed, as a way for people traveling between the part of Texarkana, Tex., north of appellees' tracks and the part thereof, and portions of said Bowie and Miller counties south of said tracks. This suit was by appellant to recover $5,030 as taxes alleged to be due it by appellees on the viaduct for the years 1913, 1914, and 1915, and in addition thereto to recover interest on said sum and a penalty thereon of $503. Appellant's petition contained allegations as follows:

"(7) The plaintiff further alleges that on the 1st day of January, 1913, and continuously since that date, the defendants jointly owned, and have owned, a certain steel structure known and called a viaduct, situated within the limits of the city of Texarkana, Tex., and which was then, and at all times since then has been, subject to taxation by said city, as the joint property of said defendants. The said viaduct extends over and across, and is located upon, real estate owned by each of defendants in said city.

"(8) The plaintiff further alleges that the said viaduct so jointly owned by the defendants was duly and legally rendered and assessed for taxation by the proper authorities of the said city for the year 1913, at and for the valuation of $100,000; and was for the year 1914 rendered and assessed for taxation by the proper authorities of said city, at and for the valuation of $100,000; and was for the year 1915 rendered and assessed for taxation by the proper authorities of the said city at and for a valuation of $100,000.

"(9) The plaintiff further alleges that by reason of the facts hereinbefore alleged, the defendant became jointly indebted to it, and became liable to pay it, as taxes on said viaduct for the year 1913, the just and full sum of $1,400, and were liable to pay it said sum on or before the 1st day of February, 1914, and that by reason of the foregoing facts the defendants became jointly indebted to and liable to pay to the plaintiff the further sum of $1,750 as taxes on said viaduct for the year 1914, which sum they became and were liable to pay to the plaintiff on or before the 1st day of February, 1915; and by reason of the facts hereinbefore alleged the defendant became jointly indebted to it, and became liable to pay it, as taxes on said viaduct for the year 1915, the just and full sum

of $1,880, and were liable to pay it said sum on or before the 1st day of February, 1916."

The appeal is from a judgment in appellees' favor.

R. P. Dorough and Mahaffey, Keeney & Dalby, all of Texarkana, for appellant. Glass, Estes, King & Burford, of Texarkana, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] The suit was brought and prosecuted on the theory that the viaduct was personal property and subject to taxation as such. As we think the effect of article 7504, Vernon's Statutes, was to require the court to treat the viaduct as real property for the purpose of taxation, it is not necessary to determine whether, if it should have been treated as personal property, it appeared that appellees owned it, and if they did, whether they had so dedicated it to the public as to exempt it from taxation. Const. art. 8, § 2; Vernon's Statutes, art. 7504; Special Laws 1907, c. 104, §§ 251, 274; 1 Cooley on Taxation, 263; 13 Cyc. 449–453; 40 Cyc. 201; 8 R. C. L. 910; 9 C. J. 422; Lamar Co. v. Clements, 49 Tex. 347; Commonwealth v. City of Richmond, 116 Va. 69, 81 S. E. 69; Commonwealth v. Bridge Co. (Ky.) 105 S. W. 378. Said article 7504 is as follows:

"Real property, for the purpose of taxation, shall be construed to include the land itself, whether laid out in town lots or otherwise, and all the buildings, structures and improvements, or other fixtures of whatsoever kind thereon, and all the rights and privileges belonging or in any wise appertaining thereto, and all mines, minerals, quarries and fossils in and under the same."

It was not pretended in either the pleadings or evidence that appellees had not paid all taxes assessed by appellant against land owned by them on and over which the viaduct was constructed. When appellees paid those taxes they paid the taxes assessable against the viaduct and owed appellant nothing on account thereof.

There is no error in the judgment, and it is affirmed.